UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

THOMAS FRANCIS YOUNG and
CONNIE ANGELINA YOUNG,

Case No. 20-11844-t11
Chapter 11

Debtors.

## CHAPTER 11 SUBCHAPTER V TRUSTEE'S APPLICATION TO EMPLOY BK GLOBAL REAL ESTATE SERVICES AND RE/MAX FIRST (MIRANDA MILLER) AS REAL ESTATE BROKERS

Daniel A. White, the chapter 11 subchapter V trustee (the "**Trustee**"), by counsel, pursuant to 11 U.S.C. §327(a), requests that the Court approve his employment of BK Global Real Estate Services and ("**BK Global**") and Re/Max First (Miranda Miller) ("**RMF**") (together, "**Brokers**"), to perform professional real estate brokerage services for the estate pursuant to the terms and conditions of the Listing Agreement (the "**Agreement**"), a copy of which is attached hereto as Exhibit 1. In support of this Application, the Trustee states:

1. Procedural Status of the Case. On September 23, 2020 (the "**Petition Date**"), Thomas Francis Young and Connie Angelina Young (together, the "**Debtors**") commenced the above-captioned case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Trustee was appointed as the chapter 11, subchapter V trustee for this case.

2. The Real Property. As disclosed on the Debtors' Schedule A, the estate owns real property located at 307 Pino Rd., Santa Fe, New Mexico 87505 (the "**Property**"). The Debtors have not claimed any exemption in the Property. MTGLQ Investors, L.P. ("**MTGLQ**") asserts a mortgage lien of $521,079.90 on the Property. *See* Claim 2-2. The judgment lien of First American Bank ("**First American**"), which it has asserted is in the amount of $128,161.27 also encumbers

1

the Property. *See* Claim 11-1. RMF has analyzed the value of the Property, and does not believe that there is any equity in the property above even the first lien of MTGLQ.

3. <u>The Trustee's Employment of BK Global and RMF</u>. The Trustee wishes to employ BK Global and RMF as real estate brokers in connection with the sale of the Property. BK Global would also assist the Trustee in negotiating a carve-out from MTGLQ sufficient to pay the administrative expenses associated with a sale of the Property, as well as generate additional funds for the bankruptcy estate. Additionally, the Trustee has been in contact with First American, and it is willing to negotiate with the Trustee on a carve-out agreement should an offer be received in an amount which would result in payment on its judgment lien.

4. <u>Services Provided</u>. Brokers would provide general real estate brokerage services, including but not limited to: listing the Property, marketing the Property, and producing necessary paperwork to effectuate the sale of the Property. The terms of Brokers' employment by the Trustee are set forth more specifically in the Agreement and in paragraph 6 below. The Agreement provides for Brokers to be paid brokerage compensation of 6% of the final sale price, plus applicable New Mexico gross receipts tax. The Listing Agreement further provides that if the buyer of the Property does not employ a broker, Brokers will split their commission 4% to RMF and 2% to BK Global. The Listing Agreement further provides that, in the event the buyer of the Property employs a broker, Brokers will split their 6% commission such that the buyer's broker receives a commission of 2% on the total sale price RMF receives 2%, plus applicable gross receipts tax, and BK Global receives 2%.

5. <u>Permission to Pay Brokers without Further Order</u>. By this Application, the Trustee is seeking Court permission to pay Brokers compensation as set forth in the Agreement upon the sale of the Property.

6. BK Global Real Estate Services ("**BK Global**") provides services to trustees as BK Global has expertise and experience in assisting the trustee in negotiating with secured creditors to accomplish the following:

    a. Sell the Real Property under 11 U.S.C. § 363(b) to whichever party the Chapter 7 Trustee determines to have made the best qualified offer with the sale approved by the Court, pursuant to 11 U.S.C. § 363;

    b. Obtain release of the senior mortgage and waive all of its claims against the estate with respect to the Real Property (including any deficiency claims resulting from the proposed sale);

    c. Work with the secured mortgage holder to enter into an agreement for an 11 U.S.C. § 506 surcharge to pay all of the closing expenses associated with the § 363 sale, including the payment of a six percent (6%) real estate brokerage commission and reimbursement of their out-of-pocket expenses to BK Global and any associated real estate professional, paid from the proceeds of the sale, and provide a meaningful carveout for the benefit of the Bankruptcy Estate; and

    d. Make certain the amount of the carveout is clearly set out in the motion to sell the Real Property pursuant to 11 U.S.C. § 363.

7. The Property would be listed by Miranda Miller. Ms. Miller has been a licensed real estate broker since 2013. She has received a Best of Zillow award for 2020-2021, and ranked in the top 1% of all Zillow Premier Agents based on Zillow's Experience Score. Ms. Miller has in-depth knowledge of the Santa Fe real estate market, and maintains high referral rates and exceptional feedback from her previous clients. Ms. Miller is qualified to list the Real Property for sale.

8. Brokers will not be entitled to any fees if the first mortgage holder does not grant its consent, or the Court does not grant the motion to approve the sale of the Real Property.

9. To the best of the Trustee's knowledge, information, and belief, Brokers have no connection with the Trustee, the Debtors, their creditors, or any other party in interest or their respective attorneys, other than as set forth in their disclosures, attached hereto as <u>Exhibit 2</u> and <u>Exhibit 3</u>, respectively.

10. The Trustee's employment of Brokers is in the best interest of the estate. Brokers will most likely to be able to list and sell the Property more quickly, efficiently, and at a higher price than the Trustee would be able to on his own. The Trustee has attempted to obtain a carveout agreement through MTGLQ's counsel, but has not been able to gain MTGLQ's approval without assistance.

11. As of the date of filing this Application, the Trustee had not paid Brokers any amounts.

12. The Trustee has reviewed and approved this Application.

WHEREFORE, the Trustee requests approval of his employment of Brokers, pursuant to 11 U.S.C. § 327(a), as an administrative expense in accordance with the terms and conditions set forth in the Agreement, for permission to pay Brokers compensation as set forth in the Agreement without further court order, and for all other just and proper relief under the circumstances.

Respectfully submitted,

ASKEW & WHITE, LLC

By: *s/ filed electronically*
    Daniel A. White

        1122 Central Ave. SW, Suite 1
        Albuquerque, New Mexico 87102
        (505) 433.3097 (phone)
        (505) 717.1494 (fax)
        dwhite@askewwhite.com
*Attorneys for the Subchapter V Trustee*

This certifies that on May 25, 2021 a copy of the foregoing pleading was served by the Bankruptcy Court's electronic filing system on all parties who have entered an appearance in this case.

*s/ filed electronically*
Daniel A. White