**IT IS ORDERED**

**Date Entered on Docket: August 25, 2021**

_____
**The Honorable David T. Thuma
United States Bankruptcy Judge**



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

THOMAS FRANCIS YOUNG and  
CONNIE ANGELINA YOUNG,

Case No. 20-11844-t7  
Chapter 7

Debtors.

### ORDER GRANTING CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY BK GLOBAL REAL ESTATE SERVICES AND BARKER REALTY COMPANY, L.L.C. (ALEX NETTEY) AS REAL ESTATE BROKERS

This matter came before the Court on *Chapter 7 Trustee's Application to Employ BK Global Real Estate Services and Barker Realty Company, L.L.C. (Alex Nettey) as Real Estate Brokers,* filed July 23, 2021 (Doc. No. 283) (the "**Application**"). Having considered the Application, the record, and the requirements set forth in the Bankruptcy Code and Bankruptcy Rules, and being otherwise sufficiently advised;

THE COURT FINDS:

A. On September 23, 2020 (the "**Petition Date**"), Thomas Francis Young and Connie Angelina Young (together, the "**Debtors**") commenced the above-captioned case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On June 4, 2021, this Court

1

entered a Stipulated Order Converting Case to Proceeding Governed by and Administered Under Chapter 7 of the Bankruptcy Code (Doc. No. 234), converting this case to one under Chapter 7 of the bankruptcy code. Yvette J. Gonzales was appointed as the Chapter 7 Trustee. On June 7, 2021, Yvette J. Gonzales was removed from the case and Daniel A. White (the "**Trustee**") was substituted as Chapter 7 Trustee.

B. By the Application, the Trustee requests approval to employ BK Global Real Estate Services ("**BK Global**") and Barker Realty Company, L.L.C. (Alex Nettey) ("**Barker**") (together, "**Brokers**"), and RMF as real estate brokers in connection with the sale of the Property (as defined in the Motion). BK Global would also assist the Trustee in negotiating a carve-out from MTGLQ sufficient to pay the administrative expenses associated with a sale of the Property, as well as generate additional funds for the bankruptcy estate;

C. Brokers would provide general real estate brokerage services, including but not limited to: listing the Property, marketing the Property, and producing necessary paperwork to effectuate the sale of the Property. The terms of Brokers' employment by the Trustee are set forth more specifically in the Listing Agreement (the "**Agreement**"), attached to the Application as Exhibit 1, and in paragraph 7 below. The Agreement provides for Brokers to be paid brokerage compensation of 6% of the final sale price, plus applicable New Mexico gross receipts tax. The Listing Agreement further provides that if the buyer of the Property does not employ a broker, Brokers will split their commission 4% to RMF and 2% to BK Global. The Listing Agreement further provides that, in the event the buyer of the Property employs a broker, Brokers will split their 4% commission such that the buyer's broker receives a commission of 2% on the total sale price RMF receives 2%, plus applicable gross receipts tax, and BK Global receives 2%;

D. By the Application, the Trustee seeks Court permission to pay Brokers compensation as set forth in the Agreement upon the sale of the Property;

E. BK Global Real Estate Services ("**BK Global**") provides services to trustees as BK Global has expertise and experience in assisting the trustee in negotiating with secured creditors to accomplish the following:

    i. Sell the Real Property under 11 U.S.C. § 363(b) to whichever party the Chapter 7 Trustee determines to have made the best qualified offer with the sale approved by the Court, pursuant to 11 U.S.C. § 363;

    ii. Obtain release of the senior mortgage and waive all of its claims against the estate with respect to the Real Property (including any deficiency claims resulting from the proposed sale);

    iii. Work with the secured mortgage holder to enter into an agreement for an 11 U.S.C. § 506 surcharge to pay all of the closing expenses associated with the § 363 sale, including the payment of a six percent (6%) real estate brokerage commission and reimbursement of their out-of-pocket expenses to BK Global and any associated real estate professional, paid from the proceeds of the sale, and provide a meaningful carveout for the benefit of the Bankruptcy Estate; and

    iv. Make certain the amount of the carveout is clearly set out in the motion to sell the Real Property pursuant to 11 U.S.C. § 363,

F. Brokers will not be entitled to any fees if the first mortgage holder does not grant its consent, or the Court does not grant the motion to approve the sale of the Real Property;

G. The Trustee's employment of Brokers is in the best interest of the estate. Brokers will most likely to be able to list and sell the Property more quickly, efficiently, and at a higher price than the Trustee would be able to on his own;

H. On July 23, 2021, the Trustee served notice of filing the Application (the "**Notice**"), pursuant to Fed. R. Bankr. P. 2002, to all creditors and other parties in interest as shown on the mailing matrix maintained by the Court, specifying an objection period of twenty-one (21) days from the date of mailing, plus (3) days based upon service by mail, for a total of twenty-four (24) days;

I. On July 23, 2021, the Trustee filed the Notice with the Court (Doc. No. 284);

J. The Notice was appropriate in the particular circumstances;

K. The deadline to object to the Application, including three days added under Fed. R. Bankr. P. 9006(f), expired on or before August 16, 2021;

L. No objections to the Application were filed, timely or otherwise;

M. The Application is well taken and should be granted as provided herein; and

N. No just reason exists to delay entry hereof.

IT IS THEREFORE ORDERED:

1. The employment of BK Global and Barker as Brokers for the sale of the Property is hereby approved, pursuant to 11 U.S.C. § 327(a) as an administrative expense, in accordance with the terms and conditions set forth in the Listing Agreement.

2. The Trustee is authorized to pay Brokers compensation as set forth in the Agreement without further Court order or notice to parties.

### END OF ORDER ###

Submitted by:

ASKEW & WHITE, LLC

By*: s/ submitted electronically*
    Daniel A. White
    1122 Central Ave. SW, Suite 1
    Albuquerque, NM 87102
    (505) 433.3097 (phone)
    (505) 717.1494 (fax)
    dwhite@askewwhite.com
*Attorneys for the Chapter 7 Trustee*